SHIMER and others *vs.* THE MORRIS CANAL AND BANKING COMPANY and others.

1. Where the injury complained of is, in its nature, a continuing one, and the remedy at law must, therefore, be by successive suits, if the defendants persist in inflicting the injury, and an action for damages would be wholly inadequate for the protection of the complainant's rights, he will not be put to his remedy at law.

2. Where, from the nature of the relief sought, performance of a contract *in specie* will alone answer the ends of justice, equity will decree specific performance.

Bill for specific performance. On bill and general demurrer. Submitted on written briefs.

*Mr. T. N. McCarter*, for demurrants.

*Mr. B. Williamson*, for complainants.

THE CHANCELLOR.

The bill sets up an agreement between certain former owners of the complainants' mill, and the Morris Canal and Banking Company, securing the mutual use of the waters of the Lopatcong creek by the parties thereto—by the canal company for their canal and by the mill-owners for their mill. It alleges that the complainants, as owners of the mill, are entitled to the benefit of the agreement, and have a right to enforce it, and that the defendants, the canal company, and their lessees, the Lehigh Valley Railroad Company, continually interfere with the water in such a way as, in violation of the agreement, to deprive the complainants of that use of it which it was intended to secure to them by the agreement. It prays an injunction to restrain them from continuing to violate the agreement in this respect, and it prays that they may be decreed to perform the agreement specifically. The defendants have filed a general demurrer. Their counsel, in his brief, admits that the bill shows a valid written contract, and that it shows that the complainants have the right to the use of the water in the way pointed out by the contract, but he insists that they have an adequate remedy at law in an action on the case for damages, and that, therefore, they are not entitled to relief in this court. He also insists that a bill of this character will not be entertained unless the right shall have been established at law. This latter proposition cannot be maintained. Nor can the former. It is clear that the complainants have not an adequate remedy at law. The injury complained of is, in its nature, a continuing one. The remedy at law must, therefore, be by successive suits, if the defendants persist in inflicting the injury. It is, therefore,

in this respect, wholly inadequate for the protection of the complainants' rights, and it obviously will not answer the purposes of justice. The character of the property, and the fact that the continual use of the water, as stipulated for in the agreement, is necessary to the use to which the property is alone adapted, and to which it is, and from a period anterior to the time of making the agreement has been, devoted, renders it manifest that an action for damages could not put the complainants in a situation as beneficial to them as would a decree for specific performance. Where, from the nature of the relief sought, performance of a contract *in specie* will alone answer the ends of justice, this court will decree specific performance.

The demurrer will be overruled, with costs.